# Order

Michigan Supreme Court
Lansing, Michigan

October 5, 2018

157215

RODNEY HARRISON,
            Plaintiff,

and

MICHIGAN HEAD & SPINE
INSTITUTE, PC,
            Intervening Plaintiff-Appellee,


v

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY,
            Defendant-Appellant,

and

THURMAN CLIFFORD RIDENOUR,
            Defendant.

_____/

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

SC: 157215
COA: 334083
Wayne CC: 14-013225-NF

On order of the Court, the application for leave to appeal the November 28, 2017 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should now be reviewed by this Court.

MARKMAN, C.J. (*dissenting*).

I respectfully dissent from this Court's order denying leave to appeal. After plaintiff was injured in a September 2014 accident, he sued his no-fault insurer, defendant Allstate Property & Casualty Insurance Company, for unpaid personal protection insurance (PIP) benefits including work-loss benefits. Plaintiff made various and contradictory assertions throughout discovery to sustain his claim for work-loss benefits. In particular, he stated in his interrogatory answers that he was employed by TPH Transportation Services at the time of his accident, but later acknowledged at his deposition that this was an "[i]naccurate statement" and that he had last been employed by TPH Transportation Services in 2012. Furthermore, none of his assertions concerning his income before and after the accident was corroborated; of the multiple companies that he identified as current or former employers, not *one* was able to provide any sort of

proof to support his obviously exaggerated income assertions. Given these facts, the trial court, in my judgment, correctly granted summary disposition in favor of defendant on the ground that plaintiff committed fraud in seeking work-loss benefits, and the Court of Appeals erred by ruling to the contrary. I would therefore reverse the judgment of the Court of Appeals and reinstate the trial court's ruling in favor of defendant Allstate.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 5, 2018



Clerk

a1002